This is our next case of the afternoon, People of the State of Illinois v. Willie James Crawford, 413-0351, for the appellant, Mr. Golfus. Is that correct, Mr. Chief? And for the appellee, Mr. Linder. You may proceed. You may please report, Demetri Golfus, on behalf of Willie Crawford, the petitioner appellant. I'd like to begin by introducing the issue briefly with a recitation of the procedural history, because I think that kind of helps to understand what exactly the issue is on appeal. Mr. Crawford filed a post-conviction petition, raising five claims. He also requested counsel. The petition advanced to the second stage, and counsel was appointed. Counsel then moved to withdraw. The court, in a hearing, then gave Mr. Crawford a choice. He could either proceed pro se, or he could continue with counsel, knowing that counsel would file the motion to withdraw, but his petition lacked merit and didn't want to represent him. Mr. Crawford, in response, said, I have no objection to counsel withdrawing, based on what counsel has told me, which essentially is, he's not going to represent me. The court allowed counsel to withdraw. After counsel withdrew, Mr. Crawford filed a new claim, a claim under the United States Supreme Court's decision in Laffer, which is ineffective assistance of counsel regarding plea negotiations. The court, the state then moved to dismiss all the claims. The court said, I'm going to dismiss the initial five claims and advance the new Laffer claim to the third stage. It did not give Mr. Crawford the option of having counsel at the third stage. He conducted the evidentiary hearing without counsel, and the court ultimately denied the petition. Our contention on appeal is that the court should have given Mr. Crawford the option to having counsel, once it determined that it was going to advance the new supplemental claim to the third stage. It's fair to do so, denying Mr. Crawford the statutory right to counsel. And for that reason, we're asking this court to reverse the denial of the petition and remand for a new evidentiary hearing with the assistance of counsel. Now, this appears to be an issue of first impression. I haven't identified any case addressing this issue squarely. We believe that Mr. Crawford was entitled to the assistance of the attorney in these circumstances, or at least the choice of counsel in these circumstances, for three reasons. Let me ask you a question. Sure. I frankly don't recall, but I'm sure there's some cases on this where a defendant, even in the same situation where he gets miffed at the public defender, not in a post-conviction situation, but he gets miffed at the public defender, decides to represent himself pro se, goes to jury trial, he's convicted. Is the trial court required to readmonish before sentencing that he's entitled to counsel, even though he's already elected to go pro se? My understanding, Your Honor, is if there's a waiver of counsel, a voluntary knowing waiver, because he's upset at counsel or whatever, and it goes through trial and it goes to sentencing, my understanding of the law is the waiver is continuous. Unless there's a significant change of circumstances, you're not required to readmonish. So why wouldn't that line of reasoning apply here? Several reasons. Number one is that... Those were what you were going to tell me before I interrupted you. Eventually. Just three reasons. Okay. Well, three reasons why the Post-Conviction Hearing Act requires that he at least have the option of having counsel in this circumstance. But I'll answer your question more directly. That's not the circumstance because he didn't voluntarily waive his right to counsel in this case. His decision to go pro se arose out of counsel's desire to withdraw. In order for you to have a waiver of counsel, a valid waiver, it has to be voluntary. You have to have a manifestation on the record that Mr. Crocker truly desired to be represented by counsel, to go pro se. He didn't want counsel. Well, the trial court told him, you can't pick your counsel. Correct. So this is who's appointed. It's either him or your counsel. If he withdraws, are you pro se? Not exactly, no. He withdraws. What happens next? The court wanted a decision. Either you go pro se or you want him pending his motion. And it's our position that in that circumstance, Mr. Crocker knew that counsel did not want to represent him because he thought his petition was meritorious. That doesn't mean he doesn't want to represent him. That means that want is different than I don't think I can in good faith advance legal arguments on the basis of the allegations in the petition. I've looked them over, and they are without merit, and I need to inform the court of that. And thus, I really should withdraw as counsel. But that doesn't mean I won't continue as counsel if you tell me to, or I'll be petulant about being required to stay on. Right, but I would agree with that. But in those circumstances, if you're standing in Mr. Crawford's position, and Mr. Crawford came out and said this, that the reason why he had no objection to counsel withdrawing, and I quote, he's not going to represent me the way he's explained it to me. That was his mindset. And I guess I would ask the court to look at it this way. Is there any indication in the record that Mr. Crawford would have chosen to proceed pro se had counsel not moved to withdraw? And I believe the answer to that question is no. There is nothing there. His self-representation arose because counsel moved to withdraw. So I don't think you can say that there was a voluntary decision, a voluntary choice that he truly wants to represent himself. He decides to represent himself because counsel moved to withdraw. You can't find a lawyer that doesn't find his claims meritless. Then he has no choice but to represent himself, if that is the scenario. I guess the more appropriate answer is... Well, I'm thinking that that may be the scenario, because you only get one bite at the apple. He gets one attorney appointed. That attorney, after looking at the merits of his argument, says, I'm moving to withdraw because I can't in good faith go forward with an argument. And so he's had his chance at counsel. You really only get one chance, and the attorney just didn't agree with his position. Hence, he's in the position where he has to go pro se. Isn't that argument logical? I believe the more appropriate way to go in this case is, instead of having Mr. Crawford choose what he was going to do, of course you have to decide in motion. You're putting a petitioner in a circumstance where he's reading a motion to withdraw, and it says, Willie Crawford's claims are meritless, they're frivolous. I'm requesting permission to withdraw. Well, I'm the petitioner, and I'm Mr. Crawford, and I'm seeing that. I'm thinking to myself, he doesn't believe in my claims, he doesn't want to be my lawyer anymore. No, I understand that, but I'm saying, what if he'd got another attorney and they did the same thing? You get two shots at it? No, absolutely not. Well, I'm saying, wouldn't you be able to make the same argument if he got a second attorney or a third attorney or a fourth attorney? That's what I guess I'm getting at, that you're making today. I'm not saying second. I understand your argument. I guess I'm not understanding under what circumstances you're inquiring about if you were to get a second for sports. I mean, if... I don't understand your question. Let's go at it in a different way. What is the change in circumstances? The change in circumstances is, I no longer have a lawyer. But you can't arguably waive or agree to withdraw and then say, the change in circumstances is, I don't have a lawyer. Your Honor, assuming that we have in this case a valid waiver of rights of counsel, the change in circumstances is, he's filed a new claim. The court, in its discretion, has accepted that claim. Not only accepted it, but it's advancing it to the third stage. As a matter of law, in order for a claim to advance to the third stage, the court had to necessarily advise there's been a substantial showing of a deprivation of a constitutional right. It's not frivolous. It's not handling without merit. That is a change of circumstance. Well, that would also be when you go from the first stage to the second stage. That you've made a determination it's not frivolous, or you wouldn't be advancing it to the second stage. Your Honor, it's the stuff beyond that. Oh, I get it. There's a substantial showing of a deprivation of a constitutional right, meriting a third stage evidentiary hearing. And I think, if you look at similar circumstances, where you have a significant change of circumstances, warranting an inquiry into the right of counsel or a re-admonishment, you have a withdrawal of a waiver followed by new charges, or a waiver followed by new evidence introduced in the case. In those circumstances, someone looking at that is going to go, Okay, we had this new circumstance. Those circumstances are in cases where there's a constitutional right to counsel. Correct. There isn't a constitutional right to counsel in post-conviction proceedings. Is that different? I know it's different, but is it enough different to make... The source of a right is absolutely different. But in terms of is there a significant change of circumstance, I believe those are very similar. Those are all situations where, if you have a petitioner, his case is going on to an evidentiary hearing, and he's going on without counsel. Does he want to question witnesses by himself? Does he want to make arguments to the court before you buy into it? My question isn't at this point whether it's a significant change. My question is, do you view it differently, even though there may arguably be a change, because it's the difference between the constitutional right to counsel and a statutory right to counsel? No, I do not. Which is, it's a matter of legislative grace. I do not. So you don't think it's any different? I believe the source... As long as there is a significant change of circumstance. Correct. I don't believe it's any different. Backpedaling as to why I believe there is a right in this circumstance to have the option given to... There's three reasons for that. Number one is the requirements for counsel under the Post-Conviction Hearing Act were satisfied in this case. He was indigent. The court found he was indigent. He was without counsel. He requested counsel, and his petition was not summarily dismissed at the first stage. Those are the requirements for the appointment of counsel. Those have all been satisfied. Appointment of counsel in this case is consistent with legislative intent. The legislature intended the assistant to counsel, if he so chooses, or any other petitioner so chooses, for claims that aren't frivolous or fatally without merit. A claim that advances to the first stage, as I've already discussed, as a matter of law is not frivolous or fatally without merit. The third reason is that appointing counsel in these circumstances, just as a practical matter, serves the interests of everyone involved. A petitioner is not going to be left to his own devices to try to prove to the court that his claim has merit, to establish his claim. He's going to have the assistance of counsel. Counsel can call all the necessary witnesses. He can ask the necessary questions. He can present the petitioner's claim in the best possible light for the court. There aren't any misconceptions as to what the claim is, which I believe there were in this case. If the court wants me to get into that, I can, but I don't think it's necessary to decide the issue. You can also have the hearing conducted in the most professional manner possible and efficiently. You also don't have to worry about counsel withdrawing under career. The petition is at the third stage. The supplemental claim is at the third stage. There's already been a finding by the judge. This isn't frivolous. It's not fatally without merit. A judge most likely is not going to see a group motion and change his mind, say, you know what, on second thought, yeah, it is frivolous. That's highly unlikely. And I'd note that the state, in response, hasn't identified any practical reason why counsel shouldn't be appointed. So I think for all those reasons, there is a right to counsel, or at least the opportunity to have counsel if you want it, under the Recluse Conviction Hearing Act in these circumstances. I also want to talk briefly about the Coakley decision from the third district. I discussed it both in my opening brief and my reply brief. I want to explain why, again, it doesn't apply in this case, and it doesn't require the result advocated for by the state. In Coakley, there weren't any new claims advanced through the third stage. All we know from the opinion is that there was an amendment made to the petition after counsel withdrew. And the thing that really distinguishes it is that, in that case, the request was counsel at the second stage. In this case, we're requesting it through the third stage. And I think it would be inconsistent with the Post-Conviction Hearing Act to have appointed counsel in Coakley. So I think the result of Coakley is actually correct, because before counsel can be appointed, under the Post-Conviction Hearing Act, the trial court needs an opportunity to address the merits of the petition to determine whether it's a privilege or not. He has to at least have the opportunity. If you appoint counsel at the second stage, and an amended petition after counsel is withdrawn, that gets around that requirement. It gets around the judge having the initial opportunity to determine whether or not the claim is frivolous. Because when the petition is advanced to the first stage, as it was in this case, the judge has already made that finding. He's already examined the merits of the petition, examined the merits of the supplemental claim, and determined, yeah, it's not frivolous. So I think, in that respect, Coakley is distinguishable, and it does not control in this case. With respect to waiver, I believe I've addressed that fairly. I'm not going to get into that any further unless the court has questions. A violation of the statutory rights of counsel for post-conviction proceedings does require a reversal. The state does not contest that point. So unless there's any further questions from the court, we would request that you reverse to the third stage now the petition and remand group proceedings with the appointment of counsel. Thank you, counsel. We'll hear from Your Honor above. Good afternoon, Your Honors. May it please the court, counsel. I guess the first issue that I'd like to address is what is required by the Post-Conviction Hearing Act by way of appointment of counsel. I believe the court has already noted that the counsel is not a constitutional right, but rather a statutory right, and I think that bears a very strong application in this case. What is required under Rule – well, the purpose of Rule 651C is to ensure that counsel shapes the defendant's claims into a proper legal form and presents those claims to the court. That is what a defendant is entitled to by way of appointment of counsel in a post-conviction hearing proceeding. He is not entitled to the same type of defense that is guaranteed by the Constitution to a general defendant in a criminal trial. So with this understanding, you know, I think it marks different from what the defendant is now arguing on appeal he was entitled to by way of representation. He suggests that had he received the benefit of counsel on his Stage 3 proceeding, the counsel could have presented petitioner's supplemental claims in the best possible light and questioned witnesses to elicit testimony that is desirable from the perspective of a legal professional. That may be true, but that's not the legal standard. That's not what the defendant is entitled to by way of legal representation under the Post-Conviction Hearing Act. That not only may be true, in this case it probably is, in the sense that you know that it advances to the third stage out of concern by the trial court about what the state of the law is at that point. Right? Are you asking me, Judge, whether or not I feel that counsel could have been of assistance to this defendant? No, I'm going back one step before that. The trial judge himself says, I got some concerns about this, so I'm going to advance it to the third stage. Yes. His concern is, what is the state of the law? Correct. Well, how the hell can a pro se defendant help him in the third stage? Help reach the right result? And I understand your argument. I'm saying, not only as a policy matter, it would always be cleaner and better if counsel was available through the proceeding to provide help.  But here, is there an extra, does it kick it up a notch because of the way the trial court handled it? Well, Judge, I think if the trial court felt, and I'm trying to put myself reading the trial court's mind from the limited record that we have, if the trial court really thought that appointed counsel was going to be necessary for the court to appreciate the legal arguments that it wanted to undertake at stage three proceedings, it would have appointed counsel, is my belief. The court didn't do so, so it must not have thought it was a requirement. It must have thought that it could handle that unto itself, and that in order to clarify the application of the floor or whatever that case is, it probably needed some additional evidentiary fact. That would be my guess from my reading of the record. You might even hope against hope that he would get some assistance from the state in resolving that issue. Well, I think the court was of the mind, and the court repeatedly stated before the initiation of every proceeding, the defendant having previously waived counsel. So the trial court's aware of what's happened here, what the historical nature is with regard to the appointment of counsel, and it's not overlooking that fact. And I think that's a, in this particular instance, this defendant is asking this court to overrule a significant amount of precedent and to really expand the rights of the defendant significantly. The case law that I've already cited would all be overturned by a ruling in his favor, and in addition to that, really expand the rights. But one of the points is this defendant is asking that it be the court's duty appoint this representative without any request from the defendant himself, after the defendant has already dismissed his counsel. Now, the defendant argues on appeal, well, that was an annoying and voluntary waiver on my part, but the fact that the defendant doesn't like his options doesn't mean that he does not knowingly waive them or choose one over the other. His options were A or B, and he may not have been happy with either. But that doesn't mean that he was forced into making a decision to choose A over B. He had the wherewithal to keep counsel present and make the arguments himself. He previously filed a motion prohibiting his counsel from making amendments or changes to his post-conviction petition. So he's clearly already interfering with his counsel's right to formulate his issues in a legal standard which counsel's duty under the Act. So, one, I don't believe that there's any involuntary waiver, and I don't think the trial court thought so either. I think the trial court bent over backwards to try to make this defendant realize what his rights were and what his choices were. And he even praised the defendant for having considered those choices and given thought to which way he wanted to go and in making that decision. I don't think that the defendant is entitled to any more representation than what he received under the Act. The Act clearly states the level of which counsel is, and he had that representation. And had he even had appointed counsel, I don't know that counsel would have been required to undergo the type of examination that he's now suggesting he would have benefited from at the stage three proceeding. And with regard to admonishments, as the court brought up earlier before, once admonished as to what his rights are, I don't think the court has an affirmative obligation to continually re-admonish him. It might have been different had this defendant asked for appointed counsel and given the trial court reasons as to why he would like that counsel reappointed. He did not. And having failed to do so, I think he has waived that issue and should not be entitled to it. There ought to be an opportunity for the trial court to address this issue and determine and make a record as to whether or not the trial court feels it should reappoint the same counsel that was previously dismissed or allow the defendant to proceed on his own. Now, whether or not old counsel would have re-evaluated the merits of the defendant's claim after reading his amendment, we don't know. But we don't know because that motion and that request was never made by the defendant and the trial court was never given the opportunity to entertain that. And unless this court wants to get into a constant cycle of, well, I don't like this guy, he's not going to support me in my stage three proceeding argument, how many bites of the apple are we going to get? The reason we only have one is for good legal reason, and I urge the court to continue with that precedent. There's no further questions from the bench. Thank you, Your Honor. Thank you, counsel. Rebuttal? I'll begin by addressing counsel's argument about waiver. I guess it would be more appropriate to call it waiver forfeiture. Bottom line is counsel didn't raise that in his briefs. And under Supreme Court Rule 341, he's waived any forfeiture waiver argument. It's actually prohibited to even make the argument here in court today under Rule 341. Well, except that you say it's not knowing and voluntary. He can respond to that. I guess I misunderstood counsel's argument about waiver. With regard to the court only advancing the claims at the first stage because of concern about Illinois law, that wasn't the only reason that the judge gave why he advanced it to the first stage. He also said he wanted a hearing so that they could develop a record about what counsel told Mr. Crawford outside of the record. That was not the only reason. Regarding the argument about the court would have appointed counsel had it thought that counsel would have been helpful to better understand the state of the law in Lafler, the court was operating under the presumption that Mr. Crawford had waived counsel, so I don't really think it's appropriate to say that it would have appointed counsel had it thought that it would have been helpful to better understand the state of Illinois law. If the judge thought that the right was waived. I want to really distinguish the Lafler claim from the claim on direct appeal. The claim on direct appeal was that trial counsel was ineffective for failing to move to withdraw the guilty plea due to the plea being involuntary. That's different from a Lafler claim. A Lafler claim is ineffective assistance of counsel leading to the rejection of a prior favorable plea offer which extinguishes that favorable offer and you're left either going to trial or, in this case, a less favorable plea offer which subjected him to 30 years in prison. Honestly, I don't think that the trial court really appreciated that distinction. He thought it was race judicata and it wasn't. Simply because the record showed that he voluntarily pleaded guilty on the second plea offer and the oath plea, that doesn't extinguish a Lafler claim. The Lafler claim does not focus on that. It focuses on the reasons why he rejected that nine-year offer and the reason why Mr. Crawford gave in his petition and again at the hearing was that counsel told me that the nine-year offer was a bad offer given the amount of drugs that I was accused of delivering, which was 0.5 grams. But if that's the only advice that's given to him, saying you only possess less than 0.5 grams, nine years is too much, well, that ignores his criminal history. He had a significant criminal history and the nine-year offer, in light of that, in light of the fact that he committed an incident that's not MSR, it was a great offer. It really was. I'm not asking the court to overrule any precedent. This is an issue of first impression where it was the right of counsel in a certain sense. In saying that there is, it's not going to conflict with any prior precedent. So I don't believe counsel has identified any precedent that that would conflict with. The only case that's close is Copeland and that's distinguishable because we're not dealing with the exact same issue. I'm not arguing that the court should sue a sponsor they appoint counsel. That's not the argument. I'm saying it should give Mr. Crawford a choice and leave it to Mr. Crawford. Do you want counsel or do you not, since this claim is being advanced to the jury stage? Finally, with regard to Mr. Crawford's filing of his objection, this court should view that in context. He made that objection after counsel moved to withdraw. It was in response to the motion. He was saying, okay, counsel's moving to withdraw. He doesn't think my petition has merit. I don't want him to amend it in any way that I lose any of the claims that I've raised on my own. I want to have my day in court on these claims. I don't want them to be lost. That was what he was doing by filing the objection. That was not him saying, I don't want counsel. So unless there's any further questions, we again ask you to stand and leave. Reversal and remand. Thank you, counsel. Thank you. We'll take the matter under review by standing recess.